IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JUDD E. UHL,

                Plaintiff,

v.                                             CIVIL  ACTION  NO.  3:08-0064

CSX TRANSPORTATION, INC.,
a corporation,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Defendant CSX Transportation, Inc.'s Bill of Costs. Judgment was entered against Plaintiff Judd E. Uhl on July 16, 2009. Accordingly, CSX Transportation filed a Bill of Costs on August 14, 2009 (Doc. 87). Plaintiff objected to Defendant's original Bill of Costs (Doc. 88) and Defendant submitted a revised bill on September 1, 2009 (Doc. 89). The Court **GRANTS** Defendant's revised Bill of Costs in the amount of $1,586.65.

      Federal Rule of Civil Procedure 54(d)(1) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney fees – should be allowed to the prevailing party." FRCP 54(d)(1). The costs a court may award to a prevailing party are identified in 28 U.S.C. § 1920. In the instant case, the Bill of Costs submitted by Defendant tracked the list of allowable costs provided for in 28 U.S.C. § 1920. Specifically, the Bill of Costs, which totaled $2,018.45, included $1,985.95 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and $32.50 for "[o]ther costs." A

list attached to the bill delineated the $1,985.95 for transcripts by deposition; however, no receipts or further information was included. Plaintiff objected to Defendant's Bill of Costs, specifically objecting to the $948.30 sought for "Accelerated Court Reporters Deposition of Judd E. Uhl," Plaintiff. *See* Doc. 88. Plaintiff objected on the grounds that: (1) Defendant's taxation did not specify the fee for the reporter and the amount of the fee related to videotaping costs, and (2) to the extent Plaintiff was required to be at trial, the videotape deposition was unnecessary. *Id.* Defendant responded by revising its Bill of Costs and providing invoices for all deposition services. *See* Doc. 89. The invoice related to Judd E. Uhl's deposition identified $516.50 as the cost of the deposition and $431.80 as the videotaping fee. Doc. 89, Ex. A. The revised Bill of Costs seeks to tax Plaintiff only for the deposition fee, reducing the costs related to Judd E. Uhl's deposition from $948.30 to $516.50 and reducing the overall Bill of Costs from $2,018.45 to $1,586.65.

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are identified as an allowable cost in 28 U.S.C. § 1920(2). A district court has wide discretion in determining and awarding costs. *See Cherry v. Champion International Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Nonetheless, there is a presumption that a prevailing party is entitled to allowable costs and it is incumbent upon a losing party to overcome this presumption. *Id*. Thus, once a cost is deemed to be allowable – unless the losing party overcomes the presumption of award – the cost is taxed if reasonable and necessary. *Id.* Because the Court **FINDS** the revised costs sought by Defendant allowable, reasonable and necessary, Defendant's Bill of Costs is **GRANTED** in the amount of $1,586.65.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 15, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE